No. 637

KEENAN v. WILSON et

Ohio Appeals, 9th Dist., Summit Co.

No. 1036. Decided April 29, 1925

719. LIENS—1. Persons having a lien on real property sought to be sold by administrator for payment of debts, are necessary parties to proceedings.

2. Purchasers under these circumstances, buy with constructive notice of such lien and caveat emptor applies.

PARDEE, P. J.

On June 22, 1922, W. C. Keenan recovered a judgment of $1192 against Lillian Laughlin in

## STATE COURT OF APPEALS, Continued

the Summit Common Pleas. On Jan. 7, 1923 Lillian Wilson, mother of Laughlin, died intestate seized of certain real property, leaving the said Laughlin, Romeo Wilson, and Winnie Romine, her only heirs at law.

On Jan. 18, 1923, Keenan caused an execution to be issued on the said judgment, whereupon the sheriff levied upon the undivided one-third interest of Laughlin. After payment of valid debts, and claims against the estate, $3000 remained in the hands of the administrator of which one-third was turned over to Laughlin, and Keenan filed his action in the Summit Common Pleas, asking for establishment of his lien upon the undivided one-third of said realestate which descended to Laughlin. One, Esselburn, who held a mortgage on the property filed a separate answer and James and Winifred Romine filed a joint answer, the other defendants being in default for answer or demurrer.

Upon hearing of the case, the court found in favor of Laughlin, and the other defendants and dismissed Keenan's petition.

The case was taken up on appeal and defendants claimed that in the action to sell the real estate to pay the debts of decedent's estate, all persons as required by 10780 GC. were made defendants. It was also claimed that a party who acquires a lien upon an undivided interest of one of the heirs, is not a necessary party to the proceedings, to sell said real estate, and when said real estate is sold, same passes to the holder thereof free from the lien thus acquired.

Keenan claimed that since the levy was made upon the interest of Laughlin, before the petition for the sale of the real estate was filed in the Probate Court, he thereby acquired an interest in said property which could not be cut off in a proceeding in which he was not a party and that his lien remains upon the one-third interest, unaffected by the sale made by the administrator. The Court of Appeals held:

1. It being established that in law, Laughlin had title to her share of said real estate which she might sell immediately upon the death of her mother, or which might be levied upon and sold, was it necessary to make Keenan, who made a valid levy upon the interest of Laughlin prior to filing the petition praying for sale of the property, a defendant to such proceedings in order to free said interest from said lien?·

2. Under wording and history of 11780 GC. the legislature intended that the mortgages and

lien holders of an heir at law should be made parties defendant in a proceeding brought by an administrator to sell the real estate ●f a decedent to pay his debts.

3. The legislature did not intend that a strict construction should be given to the laws applicable to settlement of decedent's estates.

4. Keenan not having been made a party to the petition of the administrator, his rights of a lien holder were unaffected by the order of sale and proceedings thereunder.

5. The defendants herein purchased the premises with constructive notice of Keenan's lien, and the maxim of caveat emptor applies.

Attorneys—Donald Gottwald for Keenan; Meade, Chapman and F. A. Rees for Wilson, et al; all of Akron.